DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

**ROBERT REEDOM,**

        Plaintiff,

   v.

**SABRA A. CRAPPELL and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** *et al.***,**

        Defendants.

_____

1:13-cv-00095

TO:   Robert Reedom, *Pro Se*
        1618 Neco Town Road
        New Iberia, LA 70560
        Andrew C. Simpson, Esq.

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Order (ECF No. 14) of Chief Judge Wilma A. Lewis referring the matter to the undersigned for a Report and Recommendation for a review pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] For the reasons that follow, it is recommended that the Complaint be dismissed.

**DISCUSSION**

Under Section 1915 of Title 28 of the United States Code, where applications to proceed *in forma pauperis* have been filed, federal courts are directed to "[d]ismiss the case

---

[1] The docket also contains a pending Motion to Dismiss (ECF No. 9) filed by Defendants Crappell and State Farm Mutual Automobile Insurance Company. Plaintiff filed an opposition to the motion (ECF No. 11), and said Defendants filed a reply thereto (ECF No. 12). However, this report and recommendation is issued, as ordered, pursuant to 28 U.S.C. § 1915(e)(2).

*Reedom v. Crappell*
1:13-cv-00095
Report and Recommendation
Page 2

at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In this proceeding, Plaintiff filed an application to proceed in District Court without prepaying fees or costs (ECF No. 2).[2] Thus, the Court undertakes this review pursuant to subsection (e)(2) to determine whether the matter must be dismissed because it is frivolous, malicious, or fails to state a claim. Moreover, the Court may, *sua sponte*, determine whether it has subject matter jurisdiction. *See, e.g., Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Club Comanche, Inc. v. Government of the Virgin Islands*, 278 F.3d 250, 255 (3d. Cir. 2002).

To begin, the Court notes that Plaintiff has filed similar actions against the same defendants in at least five other federal district courts, four of which have been dismissed. *See Reedom v. Crappell*, 591 F. App'x 691 (10th Cir. 2015) (denying Reedom's appeal from the District Court of Wyoming's dismissal of his case); *In re Robert Reedom*, 65 F. Supp. 3d 1414 (3d Cir. 2014) (where the court of appeals refers to the above-captioned matter and a nearly identical case filed in the District of New Jersey); *Reedom v. Crappell*, 493 F. App'x 113 (D.C. Cir. 2012) (denying Reedom's brother James's appeal from the lower court's dismissal of the action he brought on Robert's behalf); *Reedom v. Crappell*, Civil No. 13-00482 LEK-KSC, 2013 WL 6572586 (D. Hawai'I Dec. 13, 2013); *Reedom v. Crappell*, Civil

---

[2] Plaintiff's application was granted by Order (ECF No. 15), entered September 28, 2015.

*Reedom v. Crappell*
1:13-cv-00095
Report and Recommendation
Page 3

Action No. 13-0467, 2013 WL 6194808 (W.D. La. Nov. 26, 2013). Based upon these multiple filings, including the one at issue here, in courts where subject matter jurisdiction is lacking, the Court finds that the instant action is frivolous and/or malicious.

Even if the Court is erroneous in concluding that the matter is frivolous and/or malicious, it is well established that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Despite Plaintiff's assertion that the "Court has jurisdiction severe violations of personal injury and unsafe medical malpractice environment [sic]," Complaint at 1, para. 2, the matter at bar is a personal injury case and does not implicate a federal question. Accordingly, the Court does not have jurisdiction over this action pursuant to 28 U.S.C. § 1331.

In addition, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States." 28 U.S.C. §1332(a)(1). Diversity "original jurisdiction" exists "[o]nly if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998) (citations omitted). Here, Plaintiff is a citizen of the State of Louisiana. Defendant Crappell is a citizen of Louisiana, and Defendant State Farm is a citizen of Illinois. Complaint at 1-2, paras. 3-5. Because both Plaintiff and Defendant Crappell are

*Reedom v. Crappell*
1:13-cv-00095
Report and Recommendation
Page 4

citizens of Louisiana, diversity of citizenship between the parties is not complete, and the Court lacks jurisdiction pursuant to 28 U.S.C. § 1332.

**CONCLUSION**

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** pursuant to U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: March 17, 2016         /s/ George W. Cannon, Jr.
                              GEORGE W. CANNON, JR.
                              MAGISTRATE JUDGE